UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMARA LOVE,<br><br>                    Plaintiff,<br><br>        v.<br><br>STATE OF WASHINGTON EMPLOYMENT SECURITY DEPARTMENT,<br><br>                    Defendant. | CASE NO. 3:25-cv-05714-LK<br><br>ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME; DENYING MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff Tamara Love's Application for Court-Appointed Counsel, Dkt. No. 13, and her Motion for Extension of Time to respond to Defendant's motion to dismiss her complaint, Dkt. No. 14. For the reasons set forth below, the Court denies the motion to appoint counsel and grants in part the motion for an extension.

**A.    The Court Denies the Motion to Appoint Counsel**

Ms. Love filed this lawsuit against Defendant State of Washington Employment Security Department ("ESD") in August 2025, Dkt. No. 1, and now requests that the Court appoint her counsel, Dkt. No. 13. Although she states that she is not bringing a claim under Title VII of the

ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME; DENYING MOTION TO APPOINT COUNSEL - 1

Civil Rights Act of 1964, she used the form applicable to those cases. *Id.* Ms. Love is proceeding *in forma pauperis* in this case. Dkt. No. 3. Her application for court-appointed counsel indicates that she contacted one attorney to represent her, and no state or federal agency has determined whether there is reasonable cause to believe that the allegations in her complaint are true. Dkt. No. 13 at 1–2.

"Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). Still, the Court has discretion to "request" appointment of counsel for indigent litigants pursuant to section 1915(e)(1) in "exceptional circumstances[.]" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (first quoting 28 U.S.C. § 1915(e)(1), and then quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). To determine if exceptional circumstances exist, Courts must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation modified).

The Court finds that exceptional circumstances do not exist here. First, the Court cannot weigh the merits of Ms. Love's claims on the undeveloped record, but it notes that it previously denied as futile her motion to join ESD as a Defendant—with similar claims against it—in her prior lawsuit. *See Love v. Kaiser Permanente*, 2:23-cv-00421-LK, Dkt. No. 45 (W.D. Wash. May 7, 2024). Ms. Love's application for counsel includes no explanation why counsel should be appointed, *see generally* Dkt. No. 13, and she has not otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits. Second, Ms. Love's complaint, Dkt. No. 4, does not show that the legal issues involved are so complex that she will not be able to articulate her claims pro se. *See, e.g., Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th

ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME; DENYING MOTION TO APPOINT COUNSEL - 2

1  Cir. 2020). Third, Ms. Love's contact with only one attorney to represent her is insufficient to
2  show that she has exercised reasonable diligence in trying to retain counsel on her own. *Cf.*
3  *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (finding that a
4  pro se plaintiff had shown reasonable diligence by filing affidavits showing that she had contacted
5  "more than ten attorneys, each of whom declined to represent her except upon financial terms that
6  she was unable to meet"). And finally, that Ms. Love might more articulately set forth the facts
7  underlying her claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-
8  5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Accordingly, the Court denies
9  the motion for appointment of counsel.

### B. The Court Grants in Part the Motion for an Extension

Ms. Love also requests a one-month extension of her October 8, 2025 deadline to respond to Defendant's motion because she has requested that the Court appoint her counsel, and she "need[s] time to confer" with any new counsel regarding the motion to dismiss. Dkt. No. 14 at 1. Because the Court has denied her motion to appoint counsel, this justification is moot.

The difficulty here is that Ms. Love is not signed up to e-file, so this Order will not reach her until after her deadline to file her response brief has passed. This situation is entirely of Ms. Love's own making because she did not follow Local Civil Rule 7(j)'s requirement to file her motion for an extension "sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."[1] Instead, she mailed this motion on September 29, 2025, *see* Dkt. No. 14 at 2, and based on the date the Court received it, the motion is noted for consideration on October 15, 2025, *see* LCR 7(d)(2), which is after the filing deadline for her response to the pending motion to dismiss, *see* Dkt. No. 6 at 1. Still, the Court may extend a deadline "for good

---

[1] Local Civil Rule 7(j) also states that "[p]arties should not assume that the motion [for an extension] will be granted and must comply with the existing deadline unless the court orders otherwise."

ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME; DENYING MOTION TO APPOINT COUNSEL - 3

cause[.]" Fed. R. Civ. P. 6(b)(1). "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citation modified). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* at 1259 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)). Here, there is no evidence of bad faith or prejudice to Defendant. Therefore, in order for Ms. Love to file a timely response brief and pursue a resolution on the merits—and to account for time to mail this Order and Ms. Love's response back to the Court—the Court grants her a two-week extension to file her response.

Finally, the Court reminds Ms. Love that "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants," *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022), and that she is required to comply with all Court rules and orders. Further filings that do not comply with Court rules may be disregarded or stricken.

For the foregoing reasons, the Court DENIES Ms. Love's Application for Court-Appointed Counsel, Dkt. No. 13, GRANTS IN PART her Motion for Extension of Time to respond to Defendant's motion to dismiss her complaint, Dkt. No. 14, and EXTENDS her deadline to respond to Defendant's Motion to Dismiss to October 22, 2025. The Clerk is directed to renote Defendant's motion to dismiss, Dkt. No. 6, for October 29, 2025, and Defendant may file a reply in support of its motion to dismiss by that date.

Dated this 7th day of October, 2025.

Lauren King
United States District Judge

ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME; DENYING MOTION TO APPOINT COUNSEL - 4