UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMARA LOVE,<br><br>                    Plaintiff,<br>          v.<br><br>STATE OF WASHINGTON<br>EMPLOYMENT SECURITY<br>DEPARTMENT,<br><br>                    Defendant. | CASE NO. 3:25-cv-05714-LK<br><br>ORDER GRANTING MOTION TO<br>DISMISS |

This matter comes before the Court on Defendant State of Washington Employment Security Department's Motion to Dismiss. Dkt. No. 6. Pro se plaintiff Tamara Love opposes the motion. Dkt. No. 17.[1] For the reasons set forth below, the Court grants the motion and dismisses the complaint with leave to amend.

## I.    BACKGROUND

The Washington Employment Security Department ("ESD") operates and administers

---

[1] Ms. Love has also filed a motion to consolidate this case with her closed case against Kaiser Permanente, No. 2:23-cv-00421-LK. *See* Dkt. No. 20.

ORDER GRANTING MOTION TO DISMISS - 1

Washington's unemployment compensation program. *See Sterling v. Feek*, 150 F.4th 1235, 1241 (9th Cir. 2025). Eligible individuals are entitled to receive up to 26 weeks of unemployment benefits per year. *Id.* (citing Wash. Rev. Code § 50.20.120).

Ms. Love filed this pro se lawsuit against ESD in August 2025, Dkt. No. 1, seeking reimbursement of "un-disbursed unemployment benefits and interest," Dkt. No. 4 at 4. She alleges that "[t]he Commissioner's Order Denying the Petition for Reconsideration states that there was a reasonable opportunity to present oral argument under WAC 192-04-190," and "[t]he Commissioner has refused the request for an appeal of an administrative decision." *Id.* She asserts claims for "[t]he denial of substantive and procedural due process under Fourteenth Amendment (Amendment XIV); Violations of Health Insurance Portability and Accountability Act of 1996 (HIPPA); Negligence under RCW 10.110.050[; d]enial of civil rights, employment discrimination, Disability Discrimination by failing to accommodate, Americans with Disabilities Act of 1990." *Id.* at 3. She seeks various forms of damages as relief. *Id.* at 4–5.

## II.    DISCUSSION

ESD moves for dismissal of the complaint, arguing that (1) the Court lacks subject matter jurisdiction, (2) ESD—a state agency—has not waived its Eleventh Amendment immunity for Ms. Love's claims, and (3) the complaint fails to state a claim. Dkt. No. 6 at 2–4.

### A.    Legal Standard

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (e.g., citizens of different

ORDER GRANTING MOTION TO DISMISS - 2

states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction" over a case. Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). "Absent a substantial federal question," a district court lacks subject matter jurisdiction under Section 1331, and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015); *see also Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

Although the Court construes pro se complaints liberally, *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought," Fed. R. Civ. P. 8(a). A plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B.      The Court Lacks Subject Matter Jurisdiction**

      1.    Ms. Love's Insubstantial Section 1983 Claim Does Not Provide Jurisdiction

Ms. Love alleges that ESD denied her substantive and procedural due process. Dkt. No. 4 at 3; *see also id.* at 4 (alleging that "[t]he Commissioner's Order Denying the Petition for Reconsideration states that there was a reasonable opportunity to present oral argument under WAC 192-04-190," and "[t]he Commissioner has refused the request for an appeal of an administrative decision."); Dkt. No. 17 at 5 (contending that the Court has subject matter jurisdiction "through Federal Employment laws granting appeals and the United States Constitution providing Procedural and Substantive Due Process").[2] She seeks only damages—not injunctive relief—for these claims. Dkt. No. 4 at 4–5.

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)).  However, only "persons" are subject to suit under § 1983, *Peter-Palican v. Gov't of N. Mariana Islands*, 695 F.3d 918, 919 n.1 (9th Cir. 2012), and states and state agencies are not "persons" subject to a suit for damages under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). ESD is an agency "for the state" of Washington, *see* Wash. Rev. Code § 50.08.010, and it is not a "person" for purposes of a Section 1983 claim, *see Mata v. Wash. State Emp. Sec. Dep't*, No. C22-5054 TLF, 2023 WL 2538708, at *3 (Mar. 15, 2023) (finding that "ESD is not a proper defendant in this action because a state, including a state agency, is not a 'person' within the meaning of Section 1983"). Accordingly, ESD is not a proper defendant for Ms. Love's Section 1983 claim, and her claim against that entity does not establish subject matter jurisdiction. *See id.*; *see also Taylor v. Lai*, No. C13-1425-JLR,

---

[2] Ms. Love does not identify the "Federal Employment laws" to which she refers.

2013 WL 6000068, at *3 (W.D. Wash. Nov. 12, 2013) (explaining that the "mere mention of 42 U.S.C. § 1983 and particular constitutional provisions does not establish jurisdiction where the complaint on its face discloses the absence of an essential element of such a claim." (citation modified)).

In addition, "[t]he Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008); *see also Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007) (explaining that states or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes are not "persons" under § 1983). Courts in this district have concluded that ESD is an arm of the state and entitled to Eleventh Amendment immunity. *See, e.g.*, *Mata*, 2023 WL 2538708, at *3 (finding that "[t]here is no evidence that Washington, its agencies, or officers have consented" to a suit that ESD violated plaintiff's due process rights by terminating his benefits, and "therefore the Eleventh Amendment provides immunity from suits of this kind brought in federal court"); *Dellelo v. Wash. State Emp. Sec. Dep't*, No. 3:22-CV-05965-RJB, 2022 WL 17820316, at *2 (W.D. Wash. Dec. 20, 2022) (dismissing claims against ESD as barred by the Eleventh Amendment).

Ms. Love does not dispute that ESD enjoys sovereign immunity,[3] but contends that the State has waived that immunity by "voluntarily complying to receive Federal Funding from the

---

[3] The Revised Code of Washington suggests that the three *Kohn* factors favor treatment of the ESD as an arm of the state. *See Kohn v. State Bar of California*, 87 F.4th 1021, 1030–31 (9th Cir. 2023) (whether a state agency is an arm of the state depends on "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury."); *see also* Wash. Rev. Code § 50.01.010 ("Whereas, economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state," and social security to protect "against this greatest hazard of our economic life" can be provided "only by application of the insurance principle of sharing the risks," the state of Washington, "exercising herein its police and sovereign power endeavors by this title to remedy any widespread unemployment situation which may occur and to set up safeguards to prevent its recurrence in the years to come" establishes "the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own[.]"); Wash. Rev. Code § 50.08.010 (the employment security department will be administered by a commissioner who "shall be appointed by the governor with the consent of the senate, and shall

United States Government to fund [ESD]" and "by interfer[]ing with a social and financial contract between employee and employer." Dkt. No. 17 at 5. ESD responds that "the United States Supreme Court has previously rejected this argument by holding that the text of the federal law cited must unambiguously waive Eleventh Amendment immunity and that merely accepting federal funding does not do so." Dkt. No. 19 at 3 (citing *Sossamon v. Texas*, 563 U.S. 277, 289, 293 (2011)). A waiver of a state's sovereign immunity "must be unequivocally expressed in the text of the relevant statute" and "may not be implied." *Sossamon*, 563 U.S. at 284 (citation modified). Ms. Love has not identified any express waiver in any statute. Acceptance of federal funding is insufficient to demonstrate a waiver of sovereign immunity absent a "statute [that] expressly and unequivocally includes such a waiver." *Id.* at 293.

Ms. Love also contends that "[t]he State no longer has the right to invoke sovereign immunity as a tactical advantage." Dkt. No. 17 at 6 (citing *Lapides v Bd. of Regents*, 535 U.S. 613 (2002)). ESD responds that Ms. Love's reliance on *Lapides* is misplaced because "[t]hat case held that a state may waive its sovereign immunity if the state removed the case to federal court," but it did not remove this case. Dkt. No. 19 at 3. Rather, Ms. Love filed her complaint in federal court. Dkt. No. 1. The Court agrees with ESD that *Lapides* is inapposite because ESD did not remove this case or otherwise voluntarily consent to federal court jurisdiction. *Lapides*, 535 U.S. at 622–24. Consequently, the Eleventh Amendment bars Ms. Love's due process claims against ESD and deprives this Court of subject matter jurisdiction over those claims.

2. Ms. Love's Other Claims Do Not Provide Jurisdiction

Ms. Love also brings a claim for "Violations of Health Insurance Portability and Accountability Act of 1996 (HIP[A]A)[.]" Dkt. No. 4 at 3. However, her complaint does not set

---

hold office at the pleasure of, and receive such compensation for his or her services as may be fixed by, the governor"); Wash. Rev. Code § 50.12.010 (setting forth the commissioner's duties and powers).

ORDER GRANTING MOTION TO DISMISS - 6

forth any facts to support that claim, *see generally* Dkt. No. 4, and there is no private right of action to enforce HIPAA, *see Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). Her HIPAA claim is therefore "wholly insubstantial," "obviously frivolous," and insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro*, 577 U.S. at 45–46.

The same is true with her ADA claim. Ms. Love alleges "Disability Discrimination by failing to accommodate" under the ADA, Dkt. No. 4 at 3, but again, her complaint includes no facts related to this claim. Simply citing the statute and alleging a failure to accommodate is insufficient to state a claim or invoke the Court's subject matter jurisdiction.

Ms. Love's state law negligence claim under "RCW 11.110.050" does not establish federal question jurisdiction. *See* 28 U.S.C. § 1331 (establishing "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Finally, the complaint does not allege, and this this Court does not have, diversity jurisdiction over this action. Again, diversity jurisdiction can be established when the amount in controversy exceeds $75,000 exclusive of interest and costs and the suit is between citizens of different states *See* 28 U.S.C. § 1332(a)(1). Even assuming that the amount of damages Ms. Love seeks is supportable, Dkt. No. 4 at 4–5, she does not allege that the parties are diverse, *id.* at 1–2 (listing Washington addresses for both parties).[4] Accordingly, the Court lacks subject matter jurisdiction over this action and "must" dismiss it. Fed. R. Civ. P. 12(h)(3).

**C.    The Court Grants Leave to Amend**

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity

---

[4] Moreover, a state and state agencies are not "citizens" for purposes of diversity jurisdiction. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191–92 (9th Cir. 1970) (explaining that "neither a state nor a state agency [can] be a party to a diversity action."); *Mata*, 2023 WL 2538708, at *4 ("ESD is a state agency; thus, it cannot be a party to a diversity action.").

to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Because amendment *may* be possible with respect to certain claims, the Court grants Ms. Love leave to file an amended complaint. However, this Order limits Ms. Love to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order. She may not reallege her HIPAA claim, which is dismissed with prejudice, and she may not sue ESD, which is also dismissed from the case as a defendant. If Ms. Love chooses to file an amended complaint, she must clearly identify the basis for this Court's subject matter jurisdiction.

The filing of an amended complaint will supersede all previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting the "well-established doctrine that an amended pleading supersedes the original pleading"). Any amended complaint must clearly set forth the "who, what, where, when, and why" necessary for the Court and defendant(s) to understand what Ms. Love is alleging. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678. In other words, each cause of action must identify the specific law that was allegedly violated, how defendant(s) violated it, when the alleged violation occurred, and how the alleged violation harmed Ms. Love.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant ESD's motion to dismiss, Dkt. No. 6, DISMISSES the complaint with leave to amend some claims as set forth in this Order, and DENIES AS MOOT Ms. Love's motion to consolidate this case with another case, Dkt. No. 20.

If Ms. Love does not file an amended complaint within 21 days of the date of this Order, the Court will close this case.

Dated this 27th day of January, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 8