UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMARA LOVE, | CASE NO. 3:25-cv-05714-LK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS |
| STATE OF WASHINGTON EMPLOYMENT SECURITY DEPARTMENT, | |
| Defendant. | |

This matter comes before the Court on Defendant State of Washington Employment Security Department's Motion to Dismiss. Dkt. No. 24. For the reasons set forth below, the Court grants the motion and dismisses Ms. Love's amended complaint without further leave to amend.

## I.    BACKGROUND

The Washington Employment Security Department ("ESD") operates and administers Washington's unemployment insurance program. *See Sterling v. Feek*, 150 F.4th 1235, 1241 (9th Cir. 2025). Eligible individuals are entitled to receive up to 26 weeks of unemployment benefits per year. *Id.* (citing Wash. Rev. Code § 50.20.120).

ORDER GRANTING MOTION TO DISMISS - 1

Ms. Love filed this pro se lawsuit against ESD in August 2025, Dkt. No. 1, seeking reimbursement of "un-disbursed unemployment benefits and interest," Dkt. No. 4 at 4. She alleged that "[t]he Commissioner's Order Denying the Petition for Reconsideration states that there was a reasonable opportunity to present oral argument under WAC 192-04-190," and "[t]he Commissioner has refused the request for an appeal of an administrative decision." *Id.* She asserted claims for "[t]he denial of substantive and procedural due process under Fourteenth Amendment (Amendment XIV); Violations of Health Insurance Portability and Accountability Act of 1996 (HIPPA); Negligence under RCW 10.110.050[; d]enial of civil rights, employment discrimination, Disability Discrimination by failing to accommodate, Americans with Disabilities Act of 1990." *Id.* at 3.

ESD moved to dismiss, Dkt. No. 6, and the Court granted the motion, Dkt. No. 22. The Court found that Ms. Love's insubstantial claim under 42 U.S.C. § 1983 did not supply a basis for the Court's subject matter jurisdiction, her other claims did not provide a basis for jurisdiction, and ESD—as an arm of the state—was entitled to Eleventh Amendment immunity from suit. *Id.* at 4–7. In light of Ms. Love's pro se status, the Court granted her leave to amend. *Id.* at 7–8.

Ms. Love subsequently filed an amended complaint, Dkt. No. 23, and ESD filed a motion to dismiss that pleading, Dkt. No. 24. Ms. Love also filed a motion for a preliminary injunction, seeking to recover the unemployment benefits she claims she is due. Dkt. No. 26 at 6.

In her amended complaint, Ms. Love avers that ESD denied her claim for unemployment benefits based on an incorrect finding of misconduct, and wrongfully dismissed her appeal after she "missed the hearing." Dkt. No. 23 at 3. Ms. Love asserts that ESD "has failed to provide administrative review," which deprived her of her substantive and procedural due process rights under the Fourteenth Amendment. *Id.* at 1–2. She also asserts an "[a]dministrative violation" of HIPAA, a claim under Section 1983 for "[d]enial of civil rights," a claim for "employment

ORDER GRANTING MOTION TO DISMISS - 2

discrimination" under Title VII of the Civil Rights Act of 1964, a claim for "[d]isability [d]iscrimination by failing to accommodate," and a negligence claim. *Id.* at 2.

## II.  DISCUSSION

### A.    Legal Standard

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (e.g., citizens of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction" over a case. Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). "Absent a substantial federal question," a district court lacks subject matter jurisdiction under Section 1331, and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015); *see also Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

Although the Court construes pro se complaints liberally, *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought," Fed. R. Civ. P. 8(a). A plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000)

ORDER GRANTING MOTION TO DISMISS - 3

(explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B.    The Amended Complaint Does Not Establish Subject Matter Jurisdiction**

ESD moves to dismiss the amended complaint, which it construes as "merely a re-packaging of [Ms. Love's] original complaint, and as such, she has failed to cure the deficiencies of her previous complaint." Dkt. No. 24 at 4. ESD argues that the Court should dismiss the amended complaint because "the Court lacks jurisdiction to hear this case because Plaintiff has not raised a valid question of federal law nor established diversity jurisdiction," "ESD is a state agency protected by immunity under the Eleventh Amendment," and Ms. Love has "failed to plead sufficient facts to establish a claim for relief." *Id.*

Ms. Love has not responded to the motion to dismiss, which the Court construes as an admission that it has merit. *See* LCR 7(b)(2). Regardless of that admission, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

As the Court previously held, Dkt. No. 22 at 4–6, Ms. Love's insubstantial Section 1983 claim does not establish a basis for this Court's subject matter jurisdiction. ESD is an agency "for the state" of Washington, *see* Wash. Rev. Code § 50.08.010, and it is not a "person" for purposes of a Section 1983 claim, *see Mata v. Wash. State Emp. Sec. Dep't*, No. C22-5054-TLF, 2023 WL

ORDER GRANTING MOTION TO DISMISS - 4

2538708, at *3 (Mar. 15, 2023) (finding that "ESD is not a proper defendant in this action because a state, including a state agency, is not a 'person' within the meaning of Section 1983"). Accordingly, ESD is not a proper defendant for Ms. Love's Section 1983 claim, and her claim against that entity does not establish subject matter jurisdiction. *See id.*; *see also Taylor v. Lai*, No. C13-1425-JLR, 2013 WL 6000068, at *3 (W.D. Wash. Nov. 12, 2013) (explaining that the "mere mention of 42 U.S.C. § 1983 and particular constitutional provisions does not establish jurisdiction where the complaint on its face discloses the absence of an essential element of such a claim." (citation modified)). HIPAA does not provide a basis for subject matter jurisdiction either because as the Court previously held, Dkt. No. 22 at 7, there is no private right of action to enforce HIPAA, *see Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007).

Ms. Love's two other federal claims are "wholly insubstantial" and thus insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro*, 577 U.S. at 45–46. She contends that ESD's conduct constituted "disparate treatment which . . . is considered discrimination[] under Title VII," Dkt. No. 23 at 4, but she provides no facts to support that contention. Nor does she identify a specific provision of Title VII that ESD allegedly violated, instead citing to all of the subsections of Title VII. *Id.* at 2. It also appears that Ms. Love's Title VII claim is aimed at her former employer, which is not a party in this case, because she contends that her former employer "wrongfully terminated" her employment, and the termination was "discriminatory under Title VII[.]" *Id.* at 4. Ms. Love's amended complaint cites the ADA, *id.* at 2, but includes no facts or allegations about that claim. As ESD argues, Dkt. No. 24 at 7, Ms. Love's amended complaint "fails to allege that she has a disability, which accommodations were necessary to accommodate that disability, that she requested accommodations, or that Defendant failed to provide accommodations." Accordingly, Ms. Love has not asserted "a substantial federal

ORDER GRANTING MOTION TO DISMISS - 5

question for jurisdictional purposes," *Shapiro*, 577 U.S. at 45–46, and this Court lacks jurisdiction under 28 U.S.C. § 1331.

Diversity of citizenship does not provide a basis for this Court's subject matter jurisdiction either. 28 U.S.C. § 1332. A state and state agencies are not "citizens" for purposes of diversity jurisdiction. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191–92 (9th Cir. 1970) (explaining that "neither a state nor a state agency [can] be a party to a diversity action."); *Mata*, 2023 WL 2538708, at *4 ("ESD is a state agency; thus, it cannot be a party to a diversity action."). Accordingly, the Court dismisses this matter for lack of subject matter jurisdiction.[1]

**C.    The Court Declines to Grant Further Leave to Amend**

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). While courts liberally provide pro se plaintiffs leave to amend, *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990), that is not limitless. Denying leave to amend is appropriate when the plaintiff fails to correct the deficiencies outlined by the district court in dismissing her original complaint. *Gimbel v. California*, 308 F. App'x 123, 124 (9th Cir. 2009); *see also Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation modified)).

Here, Ms. Love has failed to cure the deficiencies explained by the Court when it dismissed her original complaint. *See* Dkt. No. 22. Further leave to amend may be denied due to "repeated

---

[1] Even if Ms. Love had established the Court's subject matter jurisdiction, which she has not, her claims against ESD are barred by Eleventh Amendment immunity for the reasons the Court previously explained. *See* Dkt. No. 22 at 5–6.

ORDER GRANTING MOTION TO DISMISS - 6

failure to cure deficiencies by amendments previously allowed[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In addition, Ms. Love has not explained what further amendments she would make if given the chance. *See, e.g.*, *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (concluding that amendment would be futile where plaintiffs already filed an amended complaint containing the same defects as their original complaint and failed to state what additional facts they would plead if given leave to amend). Therefore, the Court does not grant her further leave to amend.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant ESD's motion to dismiss, Dkt. No. 24, DISMISSES the amended complaint, and DENIES AS MOOT Ms. Love's motion for a preliminary injunction, Dkt. No. 26. The Clerk is directed to close this case.

Dated this 24th day of April, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 7